**AMERICAN CIVIL LIBERTIES UNION OF NEVADA, et al., Plaintiffs—Appellants,**

v.

**Dean HELLER, in his capacity as Secretary of State of the State of Nevada, et al., Defendants—Appellees.**

No. 01–15462.

D.C. No. CV–00–00370–DWH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 2002.

Decided July 30, 2002.

Before BROWNING, HUG, and BERZON, Circuit Judges.

ORDER *

The appellants in this case, the American Civil Liberties Union of Nevada ("ACLU") and its executive director Gary Peck, bring a facial overbreadth challenge

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

under the Free Speech Clause of the First Amendment to Nev.Rev.Stat. § 294A.320, which prohibits certain anonymous political speech. This court raised sua sponte the question whether the appellants have Article III standing to bring this suit. Having considered supplemental briefs on the standing question, we remand for the limited purposes of permitting (1) the appellants to amend their complaint; (2) the parties to supplement the record; and (2) the district court to determine in the first instance whether Article III standing exists in this case.

"To qualify as a party with standing to litigate, a person must show, first and foremost, an invasion of a legally protected interest that is concrete and particularized and actual or imminent." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997). Plaintiffs need not, however, suffer or risk suffering prosecution under a statute to demonstrate injury from it. *Culinary Workers Union, Local 226 v. Del Papa*, 200 F.3d 614, 617–18 (9th Cir.1999) (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979)). Instead, plaintiffs may meet the standing requirement if they "have been threatened with prosecution, [if] a prosecution is likely, or even [if] a prosecution is remotely possible." *Id.* at 618.

In the First Amendment context in particular, a plaintiff has standing to sue if a challenged statute operates to "chill" the plaintiff's exercise of his or her First Amendment rights. *Id.* at 618–19 (citing *Doe v. Bolton*, 410 U.S. 179, 188, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973)). Thus, if the plaintiff alleges and later shows that he intends to engage in expression prohibited by a statute (demonstrating a risk of prosecution), or would do so but for the statute (establishing the existence of a "chilling" effect), standing will likely exist.

The overbreadth doctrine is linked to the "chilling" effect that may accompany a statute that regulates speech. The doctrine permits "attacks on overly broad statutes with no requirement that the person making the attack demonstrate that his own conduct could not be regulated by a statute drawn with the requisite narrow specificity." *Broadrick v. Oklahoma*, 413 U.S. 601, 612, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). Application of the overbreadth doctrine does not, however, eliminate the requirement that the plaintiffs first possess Article III standing. *Clark v. City of Lakewood*, 259 F.3d 996, 1010 (9th Cir. 2001) ("Under the overbreadth doctrine, . . . prudential considerations have weighed in favor of allowing litigants to bring First Amendment challenges on behalf of those whose expression must be impermissibly chilled, *so long as the plaintiff also suffers an injury in fact*.") (emphasis added); *Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1099 (9th Cir.2000) ("[O]nly if he presents a *case or controversy*, may a litigant challenge a statute by showing that it substantially abridges the First Amendment rights of other parties not before the court.") (emphasis in original; alterations in original omitted).

Thus, the overbreadth doctrine allows a plaintiff to bring a First Amendment challenge to a law even if the law could, consistently with the First Amendment, reach the plaintiff's speech. But the doctrine does not absolve a plaintiff of the responsibility of showing that the law at least arguably reaches speech in which he wishes to engage. *See Arizonans for Official English*, 520 U.S. at 64 ("An interest shared generally with the public at large in the proper application of the Constitution and laws will not do."); *see also Canatella*

*v. California,* 2002 WL 1286097, *6 n. 15 (9th Cir. June 12, 2002) ("[W]e do not imply that the mere existence of the challenged provisions gives rise to an injury sufficient for standing purposes.").

The appellees did not raise standing as a defense either here or in the district court, but filed a motion to dismiss on other grounds. The district court granted that motion as a converted motion for summary judgment, without addressing the standing issue.

Standing is, however, a matter of our jurisdiction, which we must address if a question concerning standing is apparent from the record. *Biggs v. Best, Best & Krieger,* 189 F.3d 989, 998 n. 7 (9th Cir. 1999). It is far from clear that the appellants' extremely "conclusory allegations" of a chilling effect on their speech due to the existence of Nev.Rev.Stat. § 294A.320 would have passed the standing hurdle at the pleading stage. *Friends of the Earth, Inc. v. Laidlaw Environmental Servs., Inc.,* 528 U.S. 167, 184, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). The relevant allegation stated only:

> Because the existence of NRS 294A.320 creates a chilling effect on the protected speech of the ACLUN, Gary Peck and other parties, a case and controversy exists for which the ACLUN has standing to bring suit.

Complaint ¶ 5. There is no allegation that any of the appellants have engaged in, intend to engage in, or would engage in but for the statute, any speech concerning an election or candidate, much less any speech covered by NRS § 294A.320. Nor is there any allegation that the ACLU is suing on behalf of its members, or that any of the ACLU's members can meet the injury in fact requirement outlined above.

We need not decide whether the pleading was adequate, however, because so vague an allegation in an unverified complaint cannot satisfy the standing requirement at this stage in the litigation. *Cf. Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ("At the pleading stage general factual allegations of injury resulting from the defendant's conduct may suffice .... In response to a summary judgment motion, however, the plaintiff can no longer rest on such 'mere allegations' but must 'set forth' by affidavit or other evidence 'specific facts,' Fed. Rule Civ. Proc. 56(e) ...."); *see also Lopez v. Smith,* 203 F.3d 1122, 1132 n.14 (9th Cir.2000) ("A plaintiff's verified complaint may be considered as an affidavit in opposition to summary judgment if it is based on personal knowledge and sets forth specific facts admissible in evidence.").

Here, the state appellees did not contest the appellants' standing in the district court and agree that it would therefore be proper to remand to the district court for the limited purpose of permitting the appellants to establish standing in the district court. On remand, the district court is directed to reopen the record to permit the plaintiffs to file an amended complaint more particularly alleging standing if they so choose, and to allow both parties to present evidence relevant to Article III standing. The district court shall determine within 90 days from the date of this Order whether the appellants have established such standing. The 90–day time period may be extended by the district court in its discretion. The district court is requested to serve this court with a copy of its order at its earliest convenience. The appellants are ordered to file a status report within seven days of the district court's issuance of its order on remand.

The panel orders this LIMITED RE-MAND and will retain jurisdiction over

this appeal pending the determination by the district court.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Anthony W. Ishii, United States District Judge for the Eastern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.